1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                            DISTRICT OF OREGON

9                            PORTLAND DIVISION

10

11  **JAMES ARTHUR ROSS,**                     )
                                                )
12              Plaintiff,                       )        03:09-cv-01530-HU
                                                )
13      vs.                                      )        OPINION AND
                                                )        ORDER
14  **MARK NOOTH, et al.,**                      )
                                                )
15              Defendants.                      )
                          _____

16

17  James Arthur Ross
    State ID No. 12599830
18  Eastern Oregon Correctional Institute
    2500 Westgate
19  Pendleton, OR 97801

20      Plaintiff Pro Se

21

    John R. Kroger
22  Attorney General
    Michael R. Washington
23  Senior Assistant Attorney General
    Department of Justice
24  1162 Court Street NE
    Salem, OR 97301-4096
25  Telephone: (503) 947-4700
    Facsimile: (503) 947-4791
26  Email: Michael.R.Washington@doj.state.or.us

27      Attorneys for Defendants

28

    1 - OPINION AND ORDER

1  **HUBEL, J.,**

2      Pursuant to Federal Rule of Civil Procedure ("Rule") 26(b)(1),

3  Defendants move the court for an order to stay discovery pending

4  this court's resolution of Defendants' concurrently filed motion

5  for summary judgment.

6      Plaintiff James Arthur Ross ("Plaintiff"), an inmate at the

7  Snake River Correctional Institution in Ontario, Oregon, sent a

8  letter to Defendants' counsel on April 23, 2012, requesting

9  discovery in this case.  In his letter, which was received by

10 Defendants' counsel on April 25, 2012, Plaintiff requested that

11 Defendants provide him with: (1) "a list of all available beds on

12 Snake River's complex one's privilaged [sic] housing on the day of

13 October 30th and 31st, 2008"; (2) "a list of all available beds that

14 were on Snake River's privilaged [sic] housing units in general

15 population, comple[x] 2 unit J and complex 3 unit J"; (3) "a list

16 of all available beds located on Snake River's complex 2's general

17 population"; and (4) "copies of all investigative reports and audio

18 recordings that were a part of and a result of the hearings for my

19 placement in segregation that was performed by hearings officer

20 Honsley at Snake River . . . [which] includes reports by Lt. Horton

21 and Sgt. Bennet."  (Washington Decl. Ex. 1.)

22      Defendants' arguments regarding Plaintiff's discovery requests

23 are as follows. First, Defendants argue that the discovery

24 Plaintiff requests exceeds the scope of discovery under Rule

25 26(b)(2). Second, Defendants contend that Plaintiff filed his

26 amended complaint on March 12, 2010, and therefore had ample

27 opportunity to obtain the information he seeks. Lastly, Defendants

28 argue that resolution of their motion for summary judgment should

2 - OPINION AND ORDER

1  precede discovery because they are qualifiedly immune from suit.
2  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (recognizing
3  qualified immunity is "an entitled not to stand trial or face the
4  other burdens of litigation.")

5      It is well settled that district courts have wide latitude in
6  controlling discovery. *U.S. Fidelity & Guar. Co. v. Lee Invs. LLC*,
7  641 F.3d 1126, 1136 n.10 (9th Cir. 2011) (citation omitted). That
8  said, and without expressing any opinion as to the merits of
9  Defendants' motion for summary judgment, it seems to me that
10 Plaintiff's discovery requests are potentially relevant and it
11 would not be overly burdensome to require Defendants to produce
12 such information.    Accordingly, Defendants' motion to stay
13 discovery is DENIED.    *See Rhodes v. Robinson*, 408 F.3d 559, 569
14 (9th Cir. 2005) (reiterating the fact that "the prohibition against
15 retaliatory punishment is 'clearly established law' in the Ninth
16 Circuit, for qualified immunity purposes"); *Miller v. Van Boening*,
17 No. C10-5712, 2011 WL 884222, at *5 (W.D. Wash. Feb. 11, 2011)
18 (declining to stay discovery because the claim implicated clearly
19 established law); *Jones v. Neven*, 399 Fed. Appx. 203, 204-05 (9th
20 Cir. 2010) (indicating that the district court denied a pro se
21 inmate's motion to stay resolution of summary judgment pending an
22 opportunity for discovery, which, in turn, meant he had no
23 meaningful opportunity to oppose summary judgment).

24                            ***CONCLUSION***

25     For the reasons set forth below, Defendants' motion (Docket.
26 No. 87) to stay discovery is DENIED.    To facilitate Plaintiff's
27 response to Defendants' motion for summary judgment, Defendants
28 must produce the requested material within twenty-one (21) days

3 - OPINION AND ORDER

from entry of this order and file an affidavit with this Court attesting to date of delivery of the discovery into Plaintiff's possession.  Plaintiff's response to Defendants' motion for summary judgment must be filed within forty-five (45) days of his receipt of discovery.  Any reply brief must be filed within the time limits specified in the Local Rules for the District of Oregon.

IT IS SO ORDERED.

Dated this 1st day of June, 2012.

/s/ Dennis J. Hubel

_____

Dennis James Hubel
Unites States Magistrate Judge

4 - OPINION AND ORDER