# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

**JAMES ARTHUR ROSS**,

    Plaintiff,

vs.

**MARK NOOTH**, **et al.**,

    Defendants.

No. 3:09-cv-01530-HU

**OPINION AND ORDER**

James Arthur Ross
State ID No. 12599830
Eastern Oregon Correctional Institute
2500 Westgate
Pendleton, OR 97801

    Plaintiff Pro Se

John R. Kroger
Attorney General
Michael R. Washington
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Facsimile: (503) 947-4791

    Of Attorneys for Defendants

1 - OPINION AND ORDER

**HUBEL, J.,**

In this 42 U.S.C. § 1983 case, plaintiff James Arthur Ross ("Plaintiff"), an inmate at the Snake River Correctional Institution ("SCRI") in Ontario, Oregon, filed a document entitled "Plaintiff's Motion in Opposition to the Defendants' Response to Plaintiff's Second Request for Production" on August 1, 2012. Eight days later, on August 9, 2012, Plaintiff filed a motion for extension of time to respond to Defendants' currently pending motion for summary judgment. Because the Court construed Plaintiff's August 1 filing as a motion to compel production, a telephone status conference was held August 23, 2012, in order to discuss the parties' respective positions on the matter. At that hearing, Defendants were given until August 31, 2012 to respond to Plaintiff's motion to compel and Plaintiff's motion for an extension of time was granted in part: "The [C]ourt will extend the deadline to a date certain after its ruling on [P]laintiff's motion to compel." (Record of Proceedings and Order (Docket No. 109) at 1.)

Having reviewed the motion to compel, as well as all materials filed in support and in opposition thereto, the Court **DENIES** Plaintiff's motion (Docket No. 104) to compel production of documents. Plaintiff's August 1 motion concerns Request No. 6 of his second request production, which sought: "Copies of the ventilation, heating and air conditioning ducts for Snake River Correctional Institution. More specifically, for complexes 1, 2, 3 and segregation." (Defs.' Resp. (Docket No. 111) at 2.) Plaintiff seeks the blueprints of the heating, ventilation, and air conditioning ("HVAC") system at SRCI to prove that Defendants

2 - OPINION AND ORDER

retaliated against him when they moved him from honor housing to complex three based on Plaintiff's complaint of fumes in the honor housing unit, because the move would have subjected him to the same fumes he experienced in honor housing (i.e., Plaintiff believes there is only one HVAC system for the main institution complex and the honored housing complex at SRCI).

    Defendants objected to Request No. 6 "on the grounds it is overbroad, irrelevant, and producing the confidential material requested would pose a security threat to the institution." (*Id.*) The Court agrees that the request is overbroad based on the purpose for which it is sought and that production of such material could pose a serious security threat at SRCI. *See Procunier v. Superior Court,* 35 Cal. App. 3d 211, 212 (1973). Thus, I am denying Plaintiff's motion to compel; however, I will treat Paragraph 4 of the Declaration of Jamie Miller filed by Defendants, which indicates that there are "two entirely separate HVAC systems for the two complexes" at issue, as an answer denying an interrogatory from Plaintiff asking if the HVAC system supplying air to the honor housing unit and to complex three (3) are one in the same such that inmates in each facility breathe air from the same source.

    Plaintiff must respond to Defendants' currently pending motion for summary judgment by October 15, 2012, and Defendants' reply memorandum is due by November 1, 2012.

    IT IS SO ORDERED.

3 - OPINION AND ORDER

Dated this 7th day of September, 2012.

/s/ Dennis J. Hubel

_____

Dennis J. Hubel
United States Magistrate Judge

4 - OPINION AND ORDER